# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-862V
### Filed: May 21, 2026

|  |  |
|---|---|
| ARTHUR FRENCH,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Tyler King, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On July 15, 2020, petitioner, Arthur French, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").  (ECF No. 1.)  Petitioner alleged that he suffered either a Table Injury of "SIRVA," *i.e.*, a shoulder injury related to vaccine administration, or a shoulder injury caused-in-fact by his vaccination following receipt of an influenza ("flu") vaccine on October 26, 2019.  (*Id.*)

On February 26, 2026, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury caused-in-fact by his flu vaccination. (ECF No. 71.)  On May 21, 2026, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $65,885.08, including $65,000.00 for pain and suffering and $885.08 for past unreimbursable expenses.  (ECF No. 77.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $65,885.08, representing $65,000.00 for pain and suffering and $885.08 for past unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Arthur French.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ARTHUR FRENCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-862V |
| v. | ) | Special Master Horner |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### PROFFER ON AWARD OF COMPENSATION[1]

On July 15, 2020, Arthur French ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, or a shoulder injury caused-in-fact by his vaccination following receipt of an influenza ("flu") vaccination on October 26, 2019. *See* Petition at 1.

On February 26, 2026, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 71.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's February 26, 2026 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I.      Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$65,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$885.08**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through a lump sum payment described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$65,885.08,** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Arthur French.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ *Tyler C. King*
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated: May 21, 2026

3

CERTIFICATE OF SERVICE

I certify that today, May 21, 2026, a copy of the foregoing pleading was served by electronic mail to Christopher Webb at cwebb@blackmclaw.com.

<u>s/ Tyler King</u>